UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARY ANNE SPIEZIO, *as Administratrix of the Estate of* ROBERT AMRHEIN,

                              Plaintiff,

      -against-                                       1:21-CV-1254 (LEK/ML)

DARLENE MARTINEZ,

                              Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This action concerns the death of Robert Amrhein ("Plaintiff-Decedent"), who died in a car accident while in custody of the New York State Office for People with Developmental Disabilities ("OPWDD"). Dkt. No. 25 ¶¶ 6–8 ("Amended Complaint"). Plaintiff Mary Anne Spiezio ("Plaintiff") brought this action on behalf of Plaintiff-Decedent's estate against Defendant Darlene Martinez. Id. ¶ 4. Plaintiff alleges Defendant was an employee of the OPWDD. Id. ¶¶ 5–6. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 27 ("Motion to Dismiss"). Plaintiff filed a response opposing Defendant's Motion to Dismiss. Dkt. No. 32 at 9 ("Response"). Defendant filed a reply. Dkt. No. 34 ("Reply").

On January 31, 2023, this Court issued a Memorandum-Decision and Order denying Defendant's Motion to Dismiss Plaintiff's first, second, and fourth causes of action. Dkt. No. 35 ("January 2023 Order"). However, this Court found that the third cause of action—in which Plaintiff alleged that Defendant violated Plaintiff-Decedent's due process rights pursuant to "special relationship" and "state-created danger" theories of liability—had not been properly

briefed. See id. at 25–29. Unable to conclude that Plaintiff had pled "enough facts to state a claim to relief that is plausible on its face[,]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), the Court invited Plaintiff to submit supplemental briefing "explaining why the Court should not dismiss Plaintiff's claim derived from the special relationship and state-created danger theories sua sponte pursuant to Rule 12(b)(6)," January 2023 Order at 28–29.

## II.   BACKGROUND

The Court assumes familiarity with its January 2023 Order, as well as the factual allegations detailed therein.

## III.   DISCUSSION

On March 16, 2023, Plaintiff filed a "Letter Brief Regarding Causes of Action for Special Relationship and State Created Danger Liability." Dkt. No. 42 ("Letter Brief"). In this Letter Brief, Plaintiff conceded that the "special relationship" doctrine is inapposite, insofar as the Defendant is not a "third-party individual[] [or] agenc[y]." Letter Brief at 1; see also January 2023 Order at 26–27 (discussing the special relationship doctrine). However, Plaintiff rejected this Court's suggestion that the "state-created danger" doctrine is only relevant where a state actor induces—and subsequently fails to protect a victim from—third-party violence. See January 2023 Order at 26–27. In support of their position, Plaintiff cites Third Circuit case law suggesting that liability can arise under the "state-created danger" doctrine where a state actor exposes a victim to dangerous conditions such as environmental hazards or natural disasters. See Letter Brief at 1–2.

Here, Plaintiff's case law is inapposite. First, the two opinions cited by Plaintiff originate from the Third Circuit, and thus are not controlling. Nor do those opinions themselves cite any Second Circuit or Supreme Court precedent supporting the proposition that "state-created

2

danger" liability can arise from state-induced exposure to "dangerous condition[s]." Van Orden v. Borough of Woodstown, 5 F. Supp. 3d 676, 682 (D.N.J. 2014).

Furthermore, the persuasive value of Plaintiff's authorities is limited by the fact that case law in *this* Circuit supports the opposite proposition: that mere exposure to dangerous conditions alone *does not* give rise to "state-created danger" liability. For instance, in Benzman v. Whitman, the Second Circuit noted that "state-created danger" liability typically arises from a "relationship between the state and the private assailant," and the court thus rejected the argument that "a senior official's public statements that offered assurances of environmental safety that turned out to be substantially exaggerated" had given rise to a "state-created danger." 523 F.3d 119, 127 (2d Cir. 2008) (quoting Pena v. DePrisco, 432 F.3d 98, 109 (2d Cir. 2005)).  Similarly, in Brown v. City of New York, a plaintiff alleged that the defendants had "committed two affirmative acts leading to a state-created danger:" they had 1) "transferred [the plaintiff] to [an allegedly dangerous] shelter" and 2) "placed individuals who allegedly threatened [plaintiff] in her shelter room." 786 Fed. App'x 289, 292 (2d Cir. 2019) (unpublished). The Second Circuit rejected this application of the doctrine, noting that the alleged acts did "not rise to the level of conduct resembling a 'state-created danger' because [the plaintiff] failed to allege facts showing that [the defendants] officially sanctioned or encouraged her *perpetrators* to commit the *private acts of violence*." Id. (emphases added).

This Court and sister courts in the Second Circuit have similarly dismissed "state-created danger" theories based on mere exposure to dangerous conditions. See, e.g., LaRock v. Albany Cnty. Nursing Home, No. 19-CV-0604, 2020 WL 1530792, at *5 (N.D.N.Y. Mar. 31, 2020) ("To the extent [the plaintiff's] amended complaint can be read as alleging an affirmative duty under the state-created danger doctrine, such theory of liability does not apply here. This is so

because the harm suffered is not alleged to be the result of some private assailant's conduct, which was encouraged or otherwise countenanced by the state."); Hespeler v. Town of Ledyard, No. 07-CV-0801, 2009 WL 3128536, at *3 (D. Conn. Sept. 28, 2009) (finding "argument that mere zoning by the government can create a dangerous condition" insufficient to establish state-created danger, and observing that "most decisions allowing claims under the state-created danger exception deal with actions taken (or not taken) by police during the execution of their law enforcement duties").

In short, despite two rounds of briefing, Plaintiff has not sufficiently alleged that the "state-created danger" doctrine can give rise to liability under the circumstances of this case. The Court thus dismisses the third cause of action in Plaintiff's Amended Complaint. See Am. Compl. at 12–13.

### III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss (Dkt. No. 27) is **GRANTED** as to the third cause of action raised in Plaintiff's Amended Complaint; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     April 19, 2023
           Albany, New York

LAWRENCE E. KAHN
United States District Judge